UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ABRAHAM L. RODRIGUEZ
ALVAREZ,

      Petitioner,

   v.                          Case No.:  2:26-cv-01115-SPC-DNF

U.S. ATTORNEY GENERAL *et al.*,

      Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are petitioner Abraham L. Rodriguez Alvarez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 9).

Rodriguez Alvarez is a native of Cuba who was admitted into the United States on July 11, 2003.  On April 10, 2008, he was convicted of aggravated assault with a deadly weapon and sentenced to four years' imprisonment.  An immigration judge ordered Rodriguez Alvarez removed to Cuba on June 10, 2009.  On December 20, 2010, Immigration and Customs Enforcement ("ICE") released him on an order of supervision.  On June 6, 2013, Rodriguez Alvarez was convicted of grand theft and sentenced to 15 months' imprisonment.  ICE has considered Rodriguez Alvarez a fugitive since he missed a check-in appointment on August 27, 2015.

On December 13, 2025, ICE located and arrested Rodriguez Alvarez following a tip from the U.S. Coast Guard.  He is currently detained at Alligator

Alcatraz.  Rodriguez Alvarez challenges the legality of his detention under the Fifth Amendment and the Immigration and Nationality Act.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. 678, 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

> foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Rodriguez Alvarez's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Rodriguez Alvarez has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2010, no change in circumstances makes removal more likely now, and the U.S. still has not agreement with Cuba that paves the way for Rodriguez Alvarez's repatriation. The burden

thus shifts to the respondents, but they make no attempt at rebuttal. The Court finds no significant likelihood Rodriguez Alvarez will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id.* Given Rodriguez Alvarez's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Abraham L. Rodriguez Alvarez's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Rodriguez Alvarez poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Rodriguez Alvarez may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on April 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record